CaRUTHERS, J.,
delivered the opinion of the Court.
The indictment and conviction is for fraudulently keeping in possession three counterfeit hank notes; two ten-dollar notes on Kentucky hanks, and one fifty-dollar note on the Bank of Tennessee. The proof of the charge is very clear and satisfactory. The defendant ■was a stranger from Kentucky, and het and lost these notes at' cards, with the prosecutor. He had a large roll of notes besides these, in his possession. But the indictment is confined to the three notes mentioned, not for passing, hut for keeping them in his possession, with the intention and purpose of passing them. So the question, on which the Court was requested to charge, and did charge, to wit: whether the loss and payment, upon a game of hazard, would constitute the offense of passing, under the 31st section of the felony act of 1829, does not arise. But if it did, the charge was in favor of the defendant. If there was any error in that, as perhaps there was, he cannot complain. The charge in this indictment was for the offense created in the 32d section, for “fraudulently keeping in his pos *495 session” counterfeit notes. To constitute this crime, although the act only uses the word “fraudulently,” the law was correctly held to he, that it should he averred and proved that the defendant had knowledge that the notes were base, and an intention to pass them. 6 Yerg., 345. This is necessary to make the possession fraudulent.
But the error complained of is, that the Court refused to instruct the jury that it was necessary to aver and prove that the Bank of Tennessee was a chartered institution, hut held the reverse. In this, his Honor was right. The Courts well judicially know that fact, as to the banks within the State, and what is judicially known, need not be averred or proved. It is otherwise as to extra-territorial banks. Their existence, when material, must be averred, and proved by the production of their charters of incorporation. Here the charge in the indictment is right, but the charter of the banks, of whose notes they are the counterfeit resemblance, are not produced, and it cannot be legally established otherwise. So his Honor instructed the jury, and of course, the conviction was for the offense of fraudulently keeping in possession the fifty-dollar counterfeit bill, purporting to be on the Bank of Tennessee.
The judgment will be affirmed, and the sentence of three years’ confinement in the penitentiary enforced.